UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA NOWICKI,

                              Plaintiff.

                                                  CIVIL CASE NO. 05-40081

v.                                      HONORABLE PAUL V. GADOLA
                                      U.S. DISTRICT COURT

JOSEPH ROCHA,

                              Defendant.

_____/

## **ORDER**

Now before the Court is Defendant Joseph Rocha's January 12, 2007 motion to set aside the July 1, 2005 clerk's entry of default. For the reasons stated below, the clerk's entry of default will be set aside.

The complaint in the instant matter was filed on March 9, 2005 and the summons was returned as executed on April 1, 2005. After Defendant failed to respond to the complaint, a Clerk's Entry of Default was entered on July 1, 2005. On October 31, 2006, after fifteen months of inactivity by Plaintiff, the cause of action was dismissed, *sua sponte,* for failure to prosecute. Subsequently, on December 5, 2006, Plaintiff having filed a motion to reinstate the cause of action and to enter a default judgment and Plaintiff having demonstrated good cause, the case was reinstated and Defendant was ordered to show cause why he failed to respond to Plaintiff's motion for default judgment.[1] On December 27, 2006 the Court issued a notice of hearing on the matter.

_____

[1]Plaintiff states that a hearing on the motion to reinstate the cause of action and to enter a default judgment "was set for December 5, 2006," that Defendant "was notified of the hearing

Defendant filed a response to the motion for default judgment and the Court's order to show cause and filed a motion to set aside the entry of default, all on January 12, 2007.

The Federal Rules of Civil Procedure provides that, "For good cause shown the court may set aside an entry of default. . . ." Fed. R. Civ. P. 55(c). In determining whether good cause exists, "courts are required to weigh three factors. First, the court must determine whether the plaintiff will be prejudiced from reopening the case. Then the inquiry turns to whether the defendant has a meritorious defense. Finally, the court must examine whether culpable conduct of the defendant led to the default." *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990) (citing *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). *See also Thompson v. Amer. Home Assurance Co.*, 95 F.3d 429, 432 (6th Cir. 1996).

The three factors outlined in *Berthelsen* favor setting aside the clerk's entry of default in the instant matter. First, Plaintiff has not demonstrated that she will be prejudiced. In order to demonstrate prejudice, "delay alone is not a sufficient basis for establishing prejudice." *Berthelsen*, 907 F.2d at 621 (quoting *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987), *cert. denied*, 484 U.S. 927 (1987)). "Rather, the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson*, 95 F.3d at 433-34 (citing *INVST Fin. Group*, 815 F.2d at 398). Plaintiff

---

date and was sent a copy of the plaintiff's motion," but yet Defendant "did not appear at the hearing." Pl.'s Resp. Br., p. 2 (Jan. 22, 2007) [docket entry 12]. Plaintiff also states that Defendant "knew, with absolute certainty on November 8, he must be in court for a hearing on December 5, 2006[], yet . . . he did not appear or take the necessary action to have an attorney there for him." Pl.'s Resp. Br., p. 11 (Jan. 22, 2007) [docket entry 12]. The Court is baffled at these assertions. There was no such hearing set or conducted by this Court. This Court's review of the docket fails to reveal any information to support Plaintiff's assertions.

2

fails to point to any prejudice that would result from the setting aside of the entry of default.

Second, the Court finds that Defendant has presented a meritorious defense at this preliminary stage

of the case. *See* Def.'s Reply, p.2-4 (Jan. 31, 2007) [docket entry #14]. An examination of the

defense at this preliminary stage of the case tests only the legal sufficiency of the pleading, whether

the defense is "a defense good at law." *Thompson*, 95 F.3d at 434 (citing *INVST Fin. Group*, 815

F.2d at 399). Third, the Court finds that although

Defendant may have been negligent in ensuring that his counsel was actively defending this matter,

Defendatn was not sufficiently culpable in the delay. Despite the repeated delays in responding to

Plaintiff's filings, Defendant Joseph Rocha has demonstrated the he took affirmative steps to retain

counsel and further, that he believed counsel from the City of Detroit was representing him in this

matter. *See* Def.'s Mot., p. 1-2; Br., p. 1-5; Aff. of Joseph Rocha (Jan. 31, 2007) [docket entry #14].

 "To be 'culpable,' the conduct leading to the entry of default must have been *willful*, *intentional*,

*reckless or in bad faith*. More than mere negligence is required." *Momah v. Albert Einsten Med.*

*Ctr.*, 161 F.R.D. 304, 308 (E.D. Pa. 1995) (emphasis added). It has been recognized that courts

favor a decision on the merits and therefore courts have been lenient "where the defaulting party and

counsel have not shown disrespect for the court, or have given evidence of respect for the court's

process by their haste in acting to set aside the default. . . ." *Shepard Claims Serv., Inc. v. Williams*

*Darrah & Assoc.*, 796 F.2d 190, 193, 194 (6th Cir. 1994). Here, although Defendant may have been

negligent in allowing an entry of default to be filed, there is no evidence that Defendant acted

willfully, intentionally, recklessly, in bad faith, or out of disrespect for the Court. *See id.*; *Momah*,

161 F.R.D. at 308. Therefore, because the Court favors a decision on the merits, and for the reasons

set forth above, the Court shall grant Defendant's motion to set aside the clerk's entry of default.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to set aside the Clerk's entry of default [docket entry 11] is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court's Order to Show Cause, [docket entry 8] is **DISCHARGED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment and to reinstate the case [docket entry 7] is **GRANTED IN PART, DENIED IN PART**.  The motion is granted to the extent that the Court reinstated this cause of action by way of the its December 5, 2006 order. To the extent that Plaintiff's motion also seeks the entry of a default judgment against Defendant, the motion is denied.

**SO ORDERED.**

Dated:  __March 9, 2007__                                 s/Paul V. Gadola _____
                                                                HONORABLE PAUL V. GADOLA
                                                                UNITED STATES DISTRICT JUDGE

4

Certificate of Service

I hereby certify that on ___March 9, 2007___ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____Gerald F. Posner; John A. Schapka_____ , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____ .


s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(810) 341-7845